UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ELVIN DANIELS,

                Petitioner,                Case Number 09-11497-BC
                                                        Honorable Thomas L. Ludington

v.

CHRISTOPHER ZYCH,

                Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Elvin Daniels is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). Petitioner was convicted in a proceeding before the Honorable Victoria A. Roberts of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a). He was sentenced to forty months imprisonment. On or about April 21, 2009, Petitioner filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his expulsion from a drug rehabilitation program offered by the Federal Bureau of Prisons.

Generally, § 2241 provides an avenue for prisoners to challenge official action affecting execution of a sentence, such as the computation of sentence credits or parole eligibility. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). A federal prisoner challenging the administration of a prison's residential drug abuse program may do so by filing a habeas petition under 28 U.S.C. § 2241. *See Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423 (table) (6th Cir. Dec. 7, 2000) (affirming district court's treatment of a complaint challenging administration of a drug abuse program as a § 2241 habeas corpus petition).

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. *See also* Rule 1(b), Rules Governing Section 2254 Cases (allowing for application of rules to § 2241 petitions). If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A petitioner must exhaust administrative remedies before seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). *See also Watts v. Bogan*, 50 F.3d 11 (table) (6th Cir. Mar. 14, 1995). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Yet, "[a] prisoner's failure to exhaust available . . . administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). As explained below, Petitioner has not exhausted his administrative remedies, nor has he demonstrated that exhaustion would be futile. Thus, his petition will be dismissed without prejudice.

On May 15, 2008, Petitioner began to participate in the Residential Drug Abuse Program ("RDAP") at FCI-Milan. Upon successful completion of the RDAP, the Bureau of Prisons may grant the inmate a reduction in his or her sentence of up to one year. *See* 18 U.S.C. § 3621(e)(1). Petitioner asserts that he was expelled from the RDAP after completing approximately seventy-five percent of the program. Petitioner contends that his expulsion was not motivated by his alleged misconduct, but by his wife's allegations that she was sexually harassed by a corrections officer

when she came to visit Petitioner. Petitioner admits that he has not exhausted his administrative remedies, but asks the Court to excuse his failure because exhaustion would be futile. He contends that the pending investigation of his wife's claims of sexual harassment will prevent him from receiving fair consideration of his claim.

Notably, an administrative remedy is available for Petitioner to challenge his removal from the program under 28 C.F.R. §§ 542.10–542.16. First, a prisoner may submit a complaint to institutional staff. If the problem is not resolved, 28 C.F.R. §§ 542.13(a) and (b) allow a prisoner to file a formal request for an administrative remedy with the warden of the prison. Thereafter, a prisoner may file an appeal to the Regional Director and General Counsel in the central office. 28 C.F.R. § 542.14. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *See Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Petitioner provides only a conclusory assumption that his complaint could not be fairly resolved through the administrative appeals process because of the ongoing sexual harassment investigation. This conclusory assumption is insufficient for the Court to conclude that exhaustion would be futile.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Petitioner's emergency motion for expedited hearing and interim relief [Dkt. # 2] is **DENIED AS MOOT**.

                                                                   s/Thomas L. Ludington
                                                                   THOMAS L. LUDINGTON
                                                                   United States District Judge

Dated: January 14, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2010.

> s/Tracy A. Jacobs
> TRACY A. JACOBS